# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADVANCE SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 8:03CV108 |
| CANDLEWOOD SHELLS LLC; ) | |
| HUNTER WISE FINANCIAL GROUP ) | ORDER |
| LLC; SKY; RIEDEL MARKETING; ) | |
| WHITE HAT FOOD & BEVERAGE ) | |
| GROUP; GARY F. PRYOR; and ) | |
| FRANK PATTON, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion (#121) of defendants White Hat Food & Beverage Group, Gary F. Pryor, Frank Patton, Candlewood Shells, Hunter Wise Financial Group, and Sky for an extension of time to answer.

The court file shows that these defendants have already been given two extensions of time. The first extension was granted based on counsel's representation that more time was needed to investigate the allegations in the amended complaint. The second extension of time was granted based on counsel's representation that more time was needed because certain clients were unavailable or out of the country.

Now the court is told that yet another two-week extension is needed because defense counsel intend to file a motion to withdraw and certain clients have not cooperated with defense counsel in preparing an answer to the amended complaint. (I note that Magistrate Judge Thalken previously denied an earlier motion to withdraw with respect to defense counsel's corporate clients.)

This case cannot remain on the docket indefinitely. Given their present desire to withdraw from representation in a three-year-old case, defense counsels' recitations that the

requested extension "will not interfere with or delay any of the anticipated deadlines in the Amended Final Progression Order" is, at best, disingenuous.

Under the circumstances, I find that a **final** extension to April 11, 2006 should be granted.

**IT IS ORDERED** that the motion for extension of time (#121) is granted, in part, as follows:

1. All remaining defendants are given a final extension of time to **April 11, 2006** to file an answer to plaintiff's First Amended Complaint. Any defendant who fails to timely answer will be deemed in default.

2. The Clerk shall enter a default against any defendant who fails to file an answer by April 11, 2006.

3. Defense counsel are advised that any order allowing their withdrawal of representation will be conditioned on (1) their clients' filing an answer to the First Amended Complaint on or before April 11, 2006 and, (2) with respect to any corporate entities, the appearance of substitute counsel who are prepared to comply with the deadlines set out in the Amended Final Progression Order (#118).

**DATED March 29, 2006.**

                                                **BY THE COURT:**

                                                s/ F.A. Gossett
                                                **United States Magistrate Judge**